Filed 12/17/14  P. v. Burke CA3

## <u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C075830 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 11F1033, 12F0191, 12F0634, 12F3052, 12F3706, 13F0264, 13F1040, 13F5414, 13F6291) |
| v. | |
| CHRISTINA MARIE BURKE, | |
| Defendant and Appellant. | |

Between February 2011 and October 2013, defendant Christina Marie Burke was charged with numerous felony and misdemeanor crimes.  By virtue of various negotiated plea bargains, defendant was granted formal probation or mandatory supervision, the terms and conditions of which she repeatedly violated, oftentimes by the commission of new criminal offenses.  The trial court eventually denied probation, terminated supervised release, and executed the previously imposed sentence of seven years eight

1

months in county jail.  Defendant appeals, contending the trial court abused its discretion. We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### Case No. 11F1033

On February 22, 2011, defendant was charged by criminal complaint with felony possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)—count 1) and failure to appear on a felony charge (Pen. Code, § 1320, subd. (b)—counts 2 and 3).[1] The complaint alleged defendant committed all three crimes after having been released on bail in violation of section 12022.1.

On March 24, 2011, defendant pleaded guilty to count 2 in exchange for three years of informal probation and credit for time served in county jail.  The trial court suspended imposition of sentence for three years and admitted defendant to conditional revocable release subject to specified terms and conditions, including that her county jail sentence be commuted to time served.

### Petition for Revocation of Probation

On November 22, 2011, a petition for revocation of probation was filed alleging defendant committed a new criminal offense on October 10, 2011.

### Case No. 12F0191

On January 17, 2012, defendant was charged by criminal complaint with receiving stolen property.  (§ 496, subd. (a).)

### Petitions for Revocation of Probation

On January 18, 2012, a petition for revocation of probation was filed alleging defendant committed new criminal offenses on November 20, 2011.

---

[1] Undesignated statutory references are to the Penal Code.

On January 30, 2012, two petitions for revocation of probation were filed alleging defendant committed new criminal offenses on December 24, 2011 and January 13, 2012.

### Case No. 12F0634

On February 3, 2012, defendant was charged by criminal complaint with receiving stolen property. (§ 496, subd. (a).) The complaint alleged defendant committed the charged offense while released on bail in two cases.

### Entry of Plea (Case Nos. 12F0634, 12F0191, 11F1033, 11M6588)

On February 28, 2012, defendant entered the following pleas:

In case No. 12F0634, defendant pleaded no contest to receiving stolen property, and admitted one of the on-bail enhancements;

In case No. 12F0191, defendant pleaded no contest to receiving stolen property;

In case No. 11F1033, defendant admitted the violation of probation filed November 22, 2011; and

In case No. 11M6588, defendant pleaded no contest to misdemeanor child endangerment (§ 273a, subd. (b)), and admitted three violations of probation.

The trial court converted defendant's grant of conditional revocable release to a grant of felony formal probation subject to the original terms and conditions, plus additional terms and conditions, including that defendant serve 240 days in county jail, with credit for time served.

### Case No. 12F3052

On May 15, 2012, defendant was charged by criminal complaint with second degree commercial burglary (§ 459—count 1), unauthorized use of personal identification to obtain credit (§ 530.5—count 2), receiving stolen property (§ 496, subd. (a)—count 3), and petty theft with a prior theft conviction (§ 666—count 4), all of which occurred on or about April 15, 2012.

3

*Petitions for Revocation of Probation*

On May 25, 2012, two petitions for revocation of probation were filed. The first petition alleged that, on or about April 16, 2012, defendant attempted to make a purchase with a stolen credit card and was in possession of stolen merchandise in violation of sections 484e, subdivision (a) and 496, subdivision (a), respectively, and further alleged defendant failed to report to probation immediately upon her release from custody on March 27, 2012. The second petition alleged that, on or about May 13, 2012, defendant was in possession of methamphetamine and a hypodermic syringe in violation of Health and Safety Code sections 11377, subdivision (a) and 11364.1, respectively.

On May 31, 2012, a third petition for revocation was filed alleging that, on or about May 23, 2012, defendant stole property from an unlocked shed in violation of Penal Code section 459, and on or about May 30, 2012, defendant was in possession of stolen property and methamphetamine in violation of Penal Code section 496, subdivision (a) and Health and Safety Code section 11377, subdivision (a), respectively.

*Case No. 12F3706*

On June 12, 2012, defendant was charged by criminal complaint with possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)—count 1) and possession of a device to inject and smoke a controlled substance (*id.*, § 11364.1—count 2). The complaint also alleged defendant committed count 1 while on bail or her own recognizance in case Nos. 12F3052 and 12F3496.

*Entry of Plea (Case Nos. 12F3052, 12F3706, 12F0634, 12F0191, 12F3496, 11F1033)*

On July 23, 2012, defendant entered the following pleas in exchange for dismissal of case No. 12F3496 with a *Harvey*[2] waiver and a stipulated sentence of seven years eight months in county jail, with the concluding portion of six years eight months

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

4

suspended and defendant placed on mandatory supervision pursuant to section 1170, subdivision (h)(5)(B):

In case No. 12F3052, defendant pleaded guilty to second degree commercial burglary (count 1);

In case No. 12F3706, defendant pleaded guilty to possession of methamphetamine (count 1);

In case Nos. 12F0634, 12F0191, and 11F1033, defendant admitted the probation violations as alleged.

On August 16, 2012, the trial court sentenced defendant according to her plea agreement as follows: five years in county jail in case No. 12F0634, plus four consecutive eight-month terms in case Nos. 12F0191, 11F1033, 12F3052, and 12F3706, for an aggregate term of seven years eight months. The court suspended execution of the concluding six years eight months and ordered mandatory supervision pursuant to section 1170, subdivision (h)(5)(B), subject to terms and conditions, including that defendant serve one year in county jail with credit for time served, and that she "violate no laws."

*Case No. 13F0264*

On January 17, 2013, defendant was charged by criminal complaint with receiving a stolen motor vehicle. (§ 496d, subd. (a).)

*Case No. 13F1040*

On February 20, 2013, defendant was charged by criminal complaint with possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).) The complaint alleged defendant committed the offense while on bail or her own recognizance.

5

*Petitions for Revocation of Probation*

On April 22, 2013, several petitions for revocation of probation were filed alleging defendant failed to report to probation upon her release from custody on February 28, 2013, and was found to be in possession of a controlled substance and drug paraphernalia in violation of Health and Safety Code sections 11377, subdivision (a) and 11364.1, subdivision (a), respectively.

*Entry of Plea (Case Nos. 13F0264, 13F1040, 12F3052, 12F3706, 12F0634, 12F0191, 11F1033)*

On May 9, 2013, defendant pleaded no contest to all charges in case Nos. 13F0264 and 13F1040 in exchange for a maximum sentence of 16 months to be added to her previous term of mandatory supervision.

On June 5, 2013, the trial court sentenced defendant to 16 months in county jail. The court suspended execution of the concluding 10 months and ordered mandatory supervision pursuant to section 1170, subdivision (h)(5)(B), subject to terms and conditions, including that she serve a concurrent 180-day term in county jail with credit for time served, and that she "violate no laws."

*Case No. 13F5414*

On August 28, 2013, defendant was charged by criminal complaint with petty theft with four prior theft convictions. (§ 666.) The complaint alleged defendant served a prior prison term within the meaning of section 667.5, subdivision (b).

*Petition for Revocation of Probation*

On September 11, 2013, a petition for revocation of probation was filed alleging defendant committed a new criminal offense (§ 666) on July 9, 2013; failed to report her July 9, 2013 and August 30, 2013 arrests to her probation officer; failed to report to probation as directed; and failed to report to Shasta County Mental Health as directed.

6

*Case No. 13F6291*

On October 2, 2013, defendant was charged by criminal complaint with second degree commercial burglary (§ 459—count 1) and petty theft (§ 484, subd. (a)/488—count 2).

*Petition for Revocation of Probation*

On October 17, 2013, a petition for revocation of probation was filed alleging defendant committed numerous new criminal offenses on September 25, 2013, October 7, 2013, and October 15, 2013; and failed to report her September 26, 2013 and October 8, 2013 arrests to her probation officer.

*Entry of Plea (Case Nos. 13F6291 and 13F5414)*

On November 7, 2013, defendant pleaded no contest to second degree commercial burglary (case No. 13F6291) and petty theft with a prior theft conviction (case No. 13F5414), and admitted the allegations in the two prior petitions for revocation of probation in case Nos. 12F0634, 12F0191, 11F1033, 12F3052, 12F3706, 13F0264, and 13F1040, in exchange for dismissal of remaining charges with a *Harvey* waiver, a stipulated sentence of concurrent 16-month terms on each of the admitted probation violations, and an agreement that the remainder of mandatory supervised time be considered the maximum county jail sentence, to be served concurrently.

*Execution of Sentence*

On January 2, 2014, having considered the probation report, the court denied probation and executed the previously suspended sentence of seven years eight months in county jail as follows:  five years (case No. 12F0634), plus four consecutive eight-month terms (case Nos. 12F0191, 11F1033, 12F3052, and 12F3706) to be served pursuant to section 1170, subdivision (h), and four concurrent 16-month terms (case Nos. 13F0264, 13F1040, 13F5414, and 13F6291), to be served pursuant to section 1170, subdivision (h).

7

The court awarded custody credits, imposed fees, fines, and assessments, and ordered victim restitution.

Defendant filed timely notices of appeal.

## DISCUSSION

Defendant contends the trial court abused its discretion when it ordered execution of the previously suspended sentence of seven years eight months rather than ordering mandatory supervision for some portion of that term. She argues her record of criminal activity, none of which included serious or violent felony crimes, was the result of severe and untreated substance abuse and mental health issues, which require access to the resources available through a grant of mandatory supervision in order to turn her life around. We find no abuse of discretion.

The Criminal Justice Realignment Act of 2011 (the Realignment Act) took effect on October 1, 2011. (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1; § 1170, subd. (h).) With certain exceptions, felons sentenced under the Realignment Act are committed to county jail rather than state prison and may have a concluding portion of their sentence suspended in lieu of probation. (§§ 3000 et. seq., 1170, subd. (h)(1)-(3), (5).)

Under the Realignment Act, the trial court can commit a defendant to the county jail either "[f]or a full term in custody as determined in accordance with the applicable sentencing law" (§ 1170, subd. (h)(5)(A)) or "[f]or a term as determined in accordance with the applicable sentencing law, but suspend execution of a concluding portion of the term selected in the court's discretion, during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court." (*Id.*, subd. (h)(5)(B)(i).) Any

8

such concluding portion of a sentence is known as "mandatory supervision." (*Id.*, subd. (h)(5)(B)(ii).)

In *People v. Catalan* (2014) 228 Cal.App.4th 173, 179 (*Catalan*) the Fourth Appellate District, Division Three, analyzed the trial court's authority to modify a hybrid sentence.

"Section 1203.2, subdivision (a) provides in relevant part that at any time during the period of supervision 'the court may revoke and terminate the supervision of the person if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of his or her supervision, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses, regardless whether he or she has been prosecuted for such offenses.' (See § 1203.2, subd. (b)(1) ['Upon its own motion or upon the petition of the supervised person, the probation or parole officer, or the district attorney, the court may modify, revoke, or terminate supervision of the person . . . ' after notice and review of written report from the probation officer on grounds set forth in subdivision (a) if the interests of justice so require].)

"Section 1203.3 provides, 'The court shall . . . have the authority at any time during the term of mandatory supervision pursuant to subparagraph (B) of paragraph (5) of subdivision (h) of Section 1170 to revoke, modify, or change the conditions of the court's order suspending the execution of the concluding portion of the supervised person's term. [¶] (b) The exercise of the court's authority in subdivision (a) to revoke, modify, or change . . . mandatory supervision, or to terminate probation, is subject to the following: [¶] (1) Before any sentence or term or condition of probation or condition of mandatory supervision is modified, a hearing shall be held in open court before the judge. . . .' (*Id.*, subds. (a), (b)(1).)" (*Catalan*, *supra*, 228 Cal.App.4th at p. 179.)

9

We review a trial court's modification or revocation of mandatory supervision for abuse of discretion. (*Catalan*, *supra*, 228 Cal.App.4th at pp. 178-179.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

There was no abuse of discretion here. Defendant was first placed on informal probation in March 2011. Over the next three years, she accumulated no less than eight additional felony criminal complaints and was the subject of numerous petitions for revocation of probation or mandatory supervision. Through various negotiated plea bargains, defendant pleaded no contest or guilty to a variety of charges and admitted probation and mandatory supervision violations in exchange for dismissal of other charges, reinstatement of probation or mandatory supervision, and relatively little or no county jail time. Despite being the beneficiary of the court's leniency time and time again, defendant repeatedly reverted back to her criminal behavior.

Defendant argues, as she did at the sentencing hearing, that she had "only property crimes and no serious or violent felony convictions" and that she suffered from "untreated and severe substance abuse and mental health issues . . . for which she required and would continue to require the resources of the probation department through a mandatory supervision grant." Having taken these points into consideration, the trial court nonetheless concluded, "[defendant] has had an endless opportunity to attend programs, to participate in programs, to do all of the things that she now is claiming she is ready to do. But it has been such a length of time and such a length of probation violations and mandatory supervision violations that, for example, find us here for sentencing on a third and fourth felony cases [*sic*], new felony cases that . . . have occurred since she was put on mandatory supervision. One can be forgiven if one doubts her desire to move on from her criminal ways . . . ."

Indeed, the record makes clear that, while each previous grant of probation and mandatory supervision afforded defendant the opportunity to do what it is she seeks to do now—utilize cost-free resources available to her, such as residential drug treatment and mental health services—she repeatedly failed to avail herself of those resources and elected instead to abscond, avoid reporting to probation as directed, and accrue additional criminal charges and violations of mandatory supervision. In light of that history, it was neither irrational nor arbitrary for the trial court to deny probation, terminate mandatory supervision, and execute the previously suspended county jail sentence.

We conclude there was no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

                                                          BUTZ              , J.

We concur:

_____BLEASE_____, Acting P. J.

_____MAURO_____, J.

11